KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08-CR-1357-DMS |
| Plaintiff, | ) DATE:     June 6, 2008 |
| | ) TIME:     11:00 a.m. |
| v. | ) |
| EMILIO ORTIZ-COTA, | ) **UNITED STATES' RESPONSE AND** |
| | ) **OPPOSITION TO DEFENDANT'S** |
| Defendant. | ) **MOTIONS TO:** |
| | ) |
| | ) **(1) COMPEL DISCOVERY;** |
| | ) |
| | ) **(2) SUPPRESS STATEMENTS;** |
| | ) |
| | ) **(3) DISMISS THE INDICTMENT; AND** |
| | ) |
| | ) **(4) OBTAIN LEAVE TO FILE FURTHER** |
| | ) **MOTIONS** |
| _____ | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its response and opposition to defendant Emilio Ortiz-Cota's motions to compel discovery, suppress statements, dismiss the indictment and obtain leave to file further motions. Said motions are based upon the files and records of this case together with the attached memorandum of points and authorities.

/ / /

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I

3

### STATEMENT OF THE CASE

4      On April 30, 2008, a one-count indictment was filed charging defendant Emilio Ortiz-Cota with

5   a violation of Title 8, United States Code, Sections 1326(a) and (b).  Defendant was arraigned on the

6   indictment on May 6, 2008 and entered a plea of not guilty.

7

### II

8

### STATEMENT OF FACTS

9   **A.      Defendant's Apprehension**

10      On April 6, 2008, Border Patrol Agent W. Cancel was on duty near the Calexico West, CA Port

11   of Entry.  At approximately 5:48 p.m., Agent Cancel observed Defendant enter the United States from

12   Mexico by walking through the southbound vehicle lanes west of the Port of Entry

13      Agent Cancel approached Defendant and conducted a field interview.  During that interview,

14   Defendant admitted to being a citizen of Mexico without documents allowing him to enter or remain

15   in the United States.  At that point, Agent Cancel placed Defendant under arrest.

16      At approximately 12:15 a.m. on April 7, Defendant received <u>Miranda</u> warnings.  When asked

17   whether he was willing to waive his rights and answer questions, defendant responded as follows: "No,

18   I don't care."  Questioning ensued, and Defendant stated that he is a citizen of Mexico without any

19   documents allowing him to enter the United States.  According to Defendant, he attempted to enter the

20   United States with the intent of going to Calexico, CA.

21   **B.      Defendant's Immigration History**

22      Defendant is a citizen of Mexico.  On or about January 22, 1997, Defendant was removed from

23   the United States to Mexico pursuant to an Order of an Immigration Judge.  Defendant subsequently was

24   removed from the United States to Mexico on January 23, 2008.

25   / / /

26   / / /

27   / / /

28   / / /

C.    **Defendant's Criminal History**

Defendant's criminal history includes the following convictions:

| CONVICTION DATE | COURT | CHARGE | TERM |
|---|---|---|---|
| 04/13/1992 | USDC C. D. Cal | Illegal Entry (8 U.S.C. § 1325) | 6 months prison |
| 07/13/1994 | CASC Imperial | Petty Theft with Prior (Penal Code § 666) | 60 days jail |
| 07/29/1994 | CASC Imperial | Under Influence of Controlled Substance (Health & Safety Code § 11550(A)) | 90 days jail |
| 12/21/1994 | USDC C.D. Cal. | Illegal Entry (8 U.S.C. § 1325) | 6 months prison |
| 07/13/1999 | CASC Imperial | Possession/Purchase for Sale of Controlled Substance (Health & Safety Code § 11351) | 2 years prison |
| 03/03/2002 | CASC Los Angeles | Possession of Controlled Substance (Health & Safety Code § 11350(A)) | 2 years prison |
| 08/07/2003 | CASC Imperial | Grand Theft (Penal Code § 487(A)) | 180 days jail |
| 07/21/2006 | CASC Imperial | Assault with Deadly Weapon (Penal Code § 245) | 2 years prison |

**III**

**MOTION TO COMPEL DISCOVERY**

The Government will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 140 pages of discovery and one DVD, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents.

In an attempt at simplification, this memorandum will address two specific areas of discovery: (1) items which the Government either has provided or will voluntarily provide; and (2) items demanded and discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

1.    **Items which the Government has provided or will voluntarily provide.**

a.    The Government will disclose to Defendant and make available for inspection, copying or photographing:  any relevant written or recorded statements made by Defendant, or copies thereof,

3

08CR1357-DMS

within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent.  The Government also will disclose to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

b.    The Government will permit Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant;[1]

c.    The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial;[2]

d.    The Government has furnished to Defendant a copy of his prior criminal record, which is within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government;

e.    The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into;

---

[1] Rule 16(a)(1)(C) authorizes defendants to examine only those Government documents material to the preparation of their defense against the Government's case-in-chief.  United States v. Armstrong, 517 U.S. 456, 463 (1996).   Rule 16 does not require the disclosure by the prosecution of evidence it intends to use in rebuttal.  United States v. Givens, 767 F.2d 574, 583 (9th Cir. 1984).

[2] The Government need not "disclose every single piece of paper that is generated internally in conjunction with scientific tests."  United States v. Iglesias, 881 F.2d 1519, 1524 (9th Cir. 1989).

1     f.     The Government may disclose the statements of witnesses to be called in its case-in-chief

2 when its trial memorandum is filed;[3]

3     g.     The Government will disclose any record of prior criminal convictions that could be used

4 to impeach a Government witness prior to any such witness' testimony;

5     h.     The Government will disclose in advance of trial the general nature of other crimes,

6 wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal

7 Rules of Evidence;

8     I.     The Government acknowledges and recognizes its continuing obligation to disclose

9 exculpatory evidence and discovery as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v.</u>

10 <u>United States</u>, 405 U.S. 150 (1972), the Jencks Act and Rules 12 and 16 of the Federal Rules of Criminal

11 Procedure, and will abide by their dictates.[4]

12 **2.     Items which go beyond the strictures of Rule 16**

13     **a.     Defendant's requests for specific Brady information or general Rule 16**

14          **discovery.**

15     Defendant requests that the Government disclose all evidence favorable to him, which tends to

16 exculpate him, which may be relevant to any possible defense or which "affects the credibility of the

17 Government's case." (Motion at 3.)

18 / / /

19

---

20     [3] Production of these statements is governed by the Jencks Act and need occur only after the witness testifies on direct examination. <u>United States v. Mills</u>, 641 F.2d 785, 789-790 (9th Cir. 1981);

21 <u>United States v. Dreitzler</u>, 577 F.2d 539, 553 (9th Cir. 1978). For Jencks Act purposes, the Government has no obligation to provide the defense with statements in the possession of a state agency. <u>United</u>

22 <u>States v. Durham</u>, 941 F.2d 858, 861 (9th Cir. 1991). Prior trial testimony does not fall within the scope of the Jencks Act. <u>United States v. Isigro</u>, 974 F.2d 1091, 1095 (9th Cir. 1992). Further, an agent's

23 recorded radio transmissions made during surveillance are not discoverable under the Jencks Act. <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519, 522-23 (9th Cir. 1992). The Government will provide

24 the grand jury transcripts of witnesses who have testified before the grand jury if said testimony relates to the subject matter of their trial testimony. Finally, the Government reserves the right to withhold the

25 statement of any particular witness it deems necessary until after the witness testifies.

26     [4] <u>Brady</u> requires the Government to produce all evidence that is material to either guilt or punishment. The Government's failure to provide the information required by <u>Brady</u> is constitutional

27 error only if the information is material, that is, only if there is a reasonable probability that the result of the proceeding would have been different had the information been disclosed. <u>Kyles v. Whitley</u>, 514

28 U.S. 419 (1995). However, neither <u>Brady</u> nor Rule 16 require the Government to disclose inculpatory information to the defense. <u>United States v. Arias-Villanueva</u>, 998 F.2d 1491 (9th Cir. 1993).

It is well-settled that prior to trial, the Government must provide a defendant in a criminal case with evidence that is both favorable to the accused and material to guilt or punishment. Pennsylvania v. Richie, 480 U.S. 39, 57 (1987); United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83, 87 (1963). As the Supreme Court has explained, "a fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence may have affected the outcome of the trial." Agurs, 427 U.S. at 104. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985) (emphasis added). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Richie, 480 U.S. at 57 (citation omitted).

The Supreme Court has repeatedly held that the Brady rule is not a rule of discovery; rather, it is a rule of fairness and is based upon the requirement of due process. Bagley, 473 U.S. at 675, n. 6. The Supreme Court's analysis of the limited scope and purpose of the Brady rule, as set forth in the Bagley opinion, is worth quoting at length:

> Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. [footnote omitted]. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial: "For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . but to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.

Id. at 675 (emphasis added, citation omitted). Accordingly, the Government in this case will comply with the Brady mandate but rejects any affirmative duty to create or seek out evidence for the defense.

///

///

**b.      Disclosure of witness information**

Defendant seeks numerous records and information pertaining to potential Government witnesses.  Regarding these individuals, the Government will provide Defendant with the following items prior to any such individual's trial testimony:

(1)      The terms of all agreements (or any other inducements) it has made with cooperating witnesses, if they are entered into;

(2)      All relevant exculpatory evidence concerning the credibility or bias of Government witnesses as mandated by law; and,

(3)      Any record of prior criminal convictions that could be used to impeach a Government witness.

The Government opposes disclosure of rap sheet information of any Government witness prior to trial.  See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976).  Furthermore, any uncharged prior misconduct attributable to Government witnesses, all promises made to and consideration given to witnesses by the Government, and all threats of prosecution made to witnesses by the Government will be disclosed if required by Brady and Giglio.

**c.      Agents' rough notes**

Although the Government has no objection to the preservation of agents' handwritten notes, the Government objects to their production at this time.  If during any evidentiary proceeding, certain rough notes become relevant, these notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980); United States v. Kaiser, 660 F.2d 724, 731-32 (9th Cir. 1981); United States v. Griffin, 659 F.2d 932, 936-38 (9th Cir. 1981).

**d.      Government reports, summaries and memoranda**

Rule 16 provides, in relevant part:

[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with the investigating or prosecuting of the case.

1  Rule 16(a)(2).  This subsection exempts from disclosure documents prepared by government attorneys

2  and agents that would otherwise be discoverable under Rule 16.  United States v. Fort, 472 F.3d 1106,

3  1110 & n.2 (9th Cir. 2007).

4       As expressed previously, the Government recognizes its obligations pursuant to Brady, Giglio,

5  Rule 16, and the Jencks Act.[5]  But the Government shall not turn over internal memoranda or reports

6  which are properly regarded as work product exempted from pretrial disclosure.[6]  Such disclosure is

7  supported neither by the Rules of Evidence nor case law and could compromise other areas of

8  investigation still being pursued.

9       **e.     Addresses and phone numbers of Government witnesses**

10      Defendant requests the name and last known address and phone of each prospective Government

11  witness.  While the Government may supply a tentative witness list with its trial memorandum, it objects

12  to providing home addresses and telephone numbers.  See United States v. Sukumolachan, 610 F.2d 685,

13  688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's

14  request for the addresses of actual Government witnesses).

15      **f.     Personnel files of federal agents**

16      Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet,

17  727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law

18  enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate

19  standard of materiality . . . ."  Cadet, 727 F.2d at 1467-68.  Further, if counsel for the United States is

20  uncertain about the materiality of the information within its possession, the material will be submitted

21  to the court for in-camera inspection and review.  In this case, the Government will ask the affected law

22  enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the

23  case.

24      In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the

25  Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the

26

27      [5] Summaries of witness interviews conducted by Government agents are not Jencks Act
    statements.  United States v. Claiborne, 765 F.2d 784, 801 (9th Cir. 1985).

28      [6] The Government recognizes that the possibility remains that some of these documents may
    become discoverable during the course of the trial if they are material to any issue that is raised.

1  personnel files of federal law enforcement witnesses.  In <u>Jennings</u>, the Ninth Circuit found that the

2  present Department of Justice procedures providing for a review of federal law enforcement witness

3  personnel files by the agency maintaining them is sufficient compliance with <u>Henthorn</u>.  <u>Id</u>.  In this case,

4  the Government will comply with the procedures as set forth in <u>Jennings</u>.

5      Finally, the Government has no duty to examine the personnel files of state and local officers

6  because they are not within the possession, custody or control of the Federal Government.  <u>United States</u>

7  <u>v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

8      **g.    Reports of witness interviews**

9      To date, the Government does not have any reports regarding witness interviews or otherwise

10  that have not been turned over to Defendant.  However, to the extent that such additional reports

11  regarding witness interviews are generated, the information sought by Defendant is not subject to

12  discovery under the Jencks Act, 18 U.S.C. § 3500.

13      Reports generated in connection with a witness's interview session are only subject to production

14  under the Jencks Act if the witness signed the report or otherwise adopted or approved the contents of

15  the report.  <u>See</u> 18 U.S.C. § 3500(e)(1); <u>United States v. Miller</u>, 771 F.2d 1219, 1231-31 (9th Cir. 1985)

16  ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness

17  and to accounts which are substantially verbatim recitals of a witness' oral statements."); <u>United States</u>

18  <u>v. Friedman</u>, 593 F.2d 109, 120 (9th Cir. 1979) (interview report containing a summary of a witness'

19  statements is not subject to discovery under the Jencks Act); <u>United States v. Augenblick</u>, 393 U.S. 248,

20  354 (1969) (rough notes of witness interview not a "statement" covering entire interview).  Indeed,

21  "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production

22  to be required, the material should not only reflect the witness' own words, but should also be in the

23  nature of a complete recital that eliminates the possibility of portions being selected out of context."

24  <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519, 522 (9th Cir. 1992).

25      **h.    Expert witnesses**

26      The Government will disclose to Defendant the name, qualifications, and a written summary of

27  testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to Fed.

28  R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

1    **I.    Other discovery requests**

2         To the extent that the above does not answer all of Defendant's discovery requests, the

3    Government opposes the motion on the grounds that there is no authority requiring the production of

4    such material.

5                                        **IV**

6                        **MOTION TO SUPPRESS STATEMENTS**

7         The Government does not intent to use any of Defendant's post-arrest statements in its case-in-

8    chief.  However, the Government may utilize the statements for impeachment purposes irrespective of

9    whether Defendant waived his <u>Miranda</u> rights.  <u>See</u>, <u>e.g.</u>, <u>Pollard v. Galaza</u>, 290 F.3d 1030, 1033 (9th

10   Cir. 2002) ("Although a statement, taken in violation of <u>Miranda</u>, may not be used substantively in the

11   prosecution's case-in-chief, such a statement, if voluntary, may be used for impeachment should the

12   Defendant testify inconsistently.").

13        Defendant further seeks an evidentiary hearing on the issue of whether his post-arrest statements

14   were voluntary.  A defendant's statement is involuntary only if it is "coerced either by physical

15   intimidation or psychological pressure."  <u>United States v. Crawford</u>, 372 F.3d 1048, 1060 (9th Cir.

16   2004) (citation omitted).  "[T]he question is whether the defendant's will was overborne at the time he

17   confessed."  <u>Clark v. Murphy</u>, 331 F.3d 1062, 1072 (9th Cir. 2003) (citation omitted).  Psychological

18   coercion invokes no per se rule.  <u>United States v. Miller</u>, 984 F.2d 1028, 1030 (9th Cir. 1993).

19   Therefore, the Court must "consider the totality of the circumstances involved and their effect upon the

20   will of the defendant."  <u>Id.</u> at 1031 (citation omitted).  In all cases, "coercive police activity is a

21   necessary predicate to the finding that a confession is not 'voluntary' . . . "  <u>Colorado v. Connelly</u>, 479

22   U.S. 157, 167 (1986).

23        "An evidentiary hearing on a motion to suppress need be held only when the moving papers

24   allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that

25   contested issues of fact exist."  <u>United States v. Howell</u>, 231 F.3d 616, 620 (9th Cir. 2000) (citation

26   omitted).  Local Criminal Rule 47.1(g)(1) provides, in relevant part:

27        Criminal motions requiring predicate factual finding shall be supported by declaration(s)

28        . . . . The Court need not grant an evidentiary hearing where either party fails to properly

                                        10                          08CR1357-DMS

1   support its motion or opposition.

2       A District Court may properly deny a request for an evidentiary hearing on a motion to suppress

3   evidence where the defendant does not submit a declaration pursuant to a local rule.  United States v.

4   Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991).  See also United States v. Batiste, 868 F.2d 1089, 1093

5   (9th Cir. 1989) ("[T]he defendant, in his motion to suppress, failed to dispute any material fact in the

6   government's proffer.  In these circumstances, the district court was not required to hold an evidentiary

7   hearing.");  United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate

8   motion containing indefinite and unsworn allegations held insufficient to require evidentiary hearing

9   on defendant's motion to suppress statements).

10      The requirement of such a declaration does not infringe the defendant's rights because the

11  declaration cannot be used by the Government at trial over the defendant's objection.  Batiste, 868 F.2d

12  at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress); Moran-

13  Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to suppress).  Moreover,

14  Defendant possesses at least as much information as the United States in regards to the statements he

15  made.  Batiste, 868 F.2d at 1092.  In the context of a motion to suppress statements, which requires

16  police misconduct, Defendant certainly should be able to provide the facts supporting any claim of

17  misconduct.

18      Here, Defendant has elected not to file a declaration, and there is no evidence whatsoever that

19  his post-arrest statements were the product of physical intimidation or psychological pressure of any

20  kind by any government agent.  Similarly, there is no evidence before the Court that Defendant's will

21  was overborne at the time of his statements.  Consequently, the Court should deny the motion to

22  suppress his statements as involuntary without an evidentiary hearing.  Should the Court elect to hold

23  an evidentiary hearing, any such hearing should be deferred until trial given the low likelihood that

24  Defendant will testify at trial and that the post-arrest statement will be needed for impeachment.

25                                          V

26                       **MOTION TO DISMISS THE INDICTMENT**

27      Defendant contends the January 2007 grand jury received improper instructions.  He is wrong

28  for all the reasons set forth in Judge Moskowitz's October 11, 2007 order denying an identical motion

1   to dismiss the indictment in <u>United States v. Manuel Martinez Covarrubias</u>, 07CR491-BTM.  The

2   Government respectfully requests the Court to adopt the reasoning of Judge Moskowitz's order and deny

3   Defendant's motion here.

**VI**

**<u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

6       The Government does not oppose this motion so long as any further motions are based on newly-

7   acquired information or evidence.

**VII**

**<u>CONCLUSION</u>**

10      For the foregoing reasons, the Government respectfully requests that the Court rule on

11  Defendant's motions as set forth above.


13  DATED: May 28, 2008.              Respectfully submitted,

                                      Karen P. Hewitt
                                      United States Attorney

                                      <u>s/ David D. Leshner</u>
                                      DAVID D. LESHNER
                                      Assistant U.S. Attorney

12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-1357-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| EMILIO ORTIZ-COTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: (1) COMPEL DISCOVERY; (2) SUPPRESS STATEMENTS; (3) DISMISS THE INDICTMENT; AND (4) OBTAIN LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Henssler, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008.


/s/ David D. Leshner
DAVID D. LESHNER

08CR1357-DMS